UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUHAM BETTY,

              Plaintiff,

v.

CALIFORNIA PIZZA KITCHEN, INC.,

              Defendant.

              Case No. 2:19-cv-12504

              HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION [15]**

California Pizza Kitchen ("CPK") removed from state court the present negligence claim for slip-and-fall injuries. ECF 1. Plaintiff later amended the complaint. ECF 5. Several months later, CPK moved for summary judgment, ECF 15, and Plaintiff responded, ECF 19. The Court stayed the case when CPK filed for Chapter 11 Bankruptcy relief. ECF 24, 25. Now, with the stay set aside, ECF 27, the Court has reviewed the summary judgment briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f).[1] For the following reasons, the Court will grant the motion.

---

[1] After an initial concern, the Court ordered the parties to show cause for why the case should not be dismissed for lack of subject-matter jurisdiction. ECF 28. The Court was concerned that the amount in controversy did not exceed $75,000. *Id.* at 439. The parties responded and alleviated the Court's concern. ECF 29. The parties' response detailed that Plaintiff's injuries clearly exceeded $75,000. *Id.*

1

## BACKGROUND

Plaintiff went to CPK for a family meal. ECF 19-2, PgID 217. While her daughter was in the parking lot, Plaintiff walked up stairs to the restaurant and entered through a revolving door. *Id.* at 217; ECF 19-4, PgID 230–31. Suddenly, Plaintiff "slipped on something[,]" fell to the ground, and later went to the hospital with injuries. ECF 19-2, PgID 217, 222. Plaintiff did not know whether she slipped on "water or, [] pebbles or something" inside the restaurant. *Id.* 221. No witnesses saw Plaintiff fall. ECF 19-4, PgID 231. After Plaintiff fell, a lady came to mop something off the floor and to close the door. ECF 19-2, PgID 222. Plaintiff's daughter recalled that, after the fall, she had informed the CPK manager that the floor felt wet, mostly greasy, and very shiny. ECF 19-4, PgID 231–33; *see also* ECF 19-3, PgID 226. But, to Plaintiff's daughter, the wet floor was obvious only after sitting on the floor. *Id.* at 232. Plaintiff's daughter also recalled finding pebbles in the revolving door but did not recall seeing a CPK employee mop near the door. *Id.* at 232–33.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for

2

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of the fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

### I. Ordinary Negligence

The Court must first determine whether Plaintiff rooted her claim in ordinary negligence or premises liability. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 692 (2012) (Saad, J.) (citing *James v. Alberts*, 464 Mich. 12, 18–19 (2001)). Premises "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id.* (citing *Laier v. Kitchen*, 266 Mich. App. 482, 493 (2005)). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.*

3

(citing *James*, 464 Mich. at 18–19). For that reason, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id.* at 691–92 (quoting *Adams v. Adams* (*On Reconsideration*), 276 Mich. App. 704, 710–711 (2007)).

The parties and the Court agree that Plaintiff has asserted a premises liability claim. ECF 15, PgID 113–14; ECF 19, PgID 185–89. The amended complaint asserted that CPK "owed a duty to Plaintiff . . . to maintain its premises in a safe condition from danger[.]" ECF 5, PgID 56. That alleged duty is a classic case premises liability under Michigan law. *Hall v. IKEA Prop. Inc.*, 171 F. Supp. 3d 634, 640 (E.D. Mich. 2016) (explaining that premises liability arises when "Defendant owed Plaintiff a duty to maintain the premises and loading dock in a safe condition, free from danger . . .").

Beyond the premises liability claim, Plaintiff also reasoned that she asserted an ordinary negligence claim. ECF 19, PgID 185–89. In some cases, Michigan law allows Plaintiff to assert both ordinary negligence and premises liability claims. *Hall*, 171 F. Supp. 3d at 640. To assert both claims, Plaintiff must ground the ordinary negligence claim "on an independent theory of liability based on the defendant's conduct." *Pugno v. Blue Harvest Farms LLC*, 326 Mich. App. 1, 15–16 (2018).

Here, Plaintiff claimed that her "injuries were due to the negligent misconduct of [CPK's] employee[.]" ECF 19, PgID 188. Allegedly, a CPK employee "who had mopped the entrance area just prior to [Plaintiff's] slip and fall" created the "liquid and/or pebbles" that caused Plaintiff to slip. *Id.*; *see also* ECF 5, PgID 57. But no facts

4

suggest that a CPK employee mopped the entrance area before Plaintiff's slip and fall. Instead, the facts suggest that *after* Plaintiff fell, a lady—presumably an employee—came to mop the floor near the door. ECF 19-2, PgID 222. So even if Plaintiff's allegations were enough to plead ordinary negligence, no facts support it. *See Pugno*, 326 Mich. App. at 16 (noting that to assert an ordinary negligence claim, a plaintiff must allege facts that show the defendant was "actively" doing something that caused the injury). Thus, the Court will grant summary judgment on the ordinary negligence claim and address the premises liability claim.

II. Premises Liability

Under Michigan premises liability law, "a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages." *Hall*, 171 F. Supp. 3d at 641 (citation omitted). The Court will grant CPK summary judgment because the undisputed facts show that CPK did not breach any duty owed to Plaintiff.

Because Plaintiff was an invitee, ECF 5, PgID 56, ECF 15, PgID 115, CPK owed Plaintiff a duty "to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 464 Mich. 512, 516 (2001) (citation omitted). CPK's duty arose only if it knew or should have known that an invitee would "not discover, realize, or protect themselves against" a condition. *Hall*, 171 F. Supp. 3d at 643 (citing *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 609 (1995)).

5

Plaintiff identified two conditions that allegedly caused her to slip and fall: the wet floor and the pebbles. ECF 19-4, PgID 231. CPK argued that Plaintiff offered no facts to show that CPK knew or should have known of either condition. ECF 15, PgID 119–121. Plaintiff responded that CPK had notice of both conditions because CPK's "employee[] mopped the entrance to [the] restaurant in the moments immediately preceding [Plaintiff's] slip and fall[.]" ECF 19, PgID 193. But, as explained above, no facts suggest that conduct occurred. The allegation lacks merit since there are no facts to suggest that CPK knew of the wet floor or the pebbles in the doorway before Plaintiff's fall.

Neither do any facts suggest that CPK *should have* known about the wet floor or the pebbles. To show CPK had constructive notice, Plaintiff must offer evidence that "the hazardous condition was of such a character or 'ha[d] existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it.'" *Gainer v. Wal-Mart Stores East, L.P.*, 933 F. Supp. 2d 920, 932 (E.D. Mich. 2013) (quoting *Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3, 8 (1979)). Plaintiff has not offered any evidence that shows "when the water accumulated on the floor, how much water was on the floor, or what caused the asserted accumulation of water." *Id.* at 932–33. Nor has Plaintiff offered similar evidence about the pebbles. Without facts that show "when the dangerous condition arose[,]" the Court cannot reasonably infer that a CPK employee should have noticed the wet floor or the pebbles. *Clark v. Kmart Corp.*, 465 Mich. 416, 420–421 (2001) (collecting cases). At bottom, "[w]ithout evidence establishing how long the dangerous condition existed, it is impossible to

6

rationally conclude that the condition 'existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it.'" *Gainer*, 933 F. Supp. 2d at 933 (quoting *Whitmore*, 89 Mich. App. at 8). The Court will grant summary judgment to CPK on the premises liability claim because the undisputed facts show that CPK did not breach a duty to Plaintiff.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's summary judgment motion [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: March 30, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2021, by electronic and/or ordinary mail.

                                      s/ David P. Parker
                                      Case Manager